STATE ex DENNISON v BOARD OF EDUCATION OF CANAL WINCHESTER DIST

Ohio Appeals, 2nd Dist, Franklin Co

No 2149. Decided Feb 2, 1932

James M. Hengst, Columbus, Homer Trautman, Columbus, and William H. Schweikert for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Forrest Deitrick, Ass't Prosecuting Attorney, Columbus, for defendant in error.

ALLREAD, J.

It appears from the evidence that the School District at Jefferson was abolished in 1928, and that the territory thereof was annexed to the school district of Canal Winchester, where a new school building was being constructed. The building has now been completed and the Board of Education is seeking to require all the pupils of the Jefferson District to be transported to the school at the Canal Winchester District. This is opposed by the relators upon several grounds. The territory of the Jeffer-

son District having been transferred to the Canal Winchester District, we are clearly of opinion that the Board of Education had the discretion to make the transfer in the absence of fraud or any gross abuse of discretion. This discretion would only be limited by the express terms of an Act of the General Assembly. We think there is no fraud or abuse of discretion shown. The question therefore relates to a construction of the statutory laws. §7730, GC, is set forth in full in the brief of the defendant. This statute provides that:

"Where the average daily attendance of any school in the school district for the preceding school year has been below ten, the county board of education may before the first day of August direct the suspension, and thereupon the board of education of the village or rural school district shall suspend such school."

This clause is mandatory as to the number of pupils, and it is clear in this case there has been an attendance of more than ten during the last school year. So that under such clause the Board of Education had no authority to terminate the school. There are, however, other clauses of said section which give the Board of Education authority to suspend by resolution the holding of said school, and this can be done before the beginning of the school year. This section gives the Board of Education the power by resolution to either temporarily or permanently terminate the authority to hold the school for the reason that the school house is located in a disadvantageous position or for any other cause. So that the fact that the Board of Education terminated the school because the school house was improperly constructed or for any other cause would be a matter of discretion in the Board. This is supported by the decision of the **Board of Education v State ex, 37 Oh Ap, 453, (9 Abs 38)**. And the Board therefore was acting within the limits of its discretion in this respect. It is claimed that the suitability of the building depends upon questions of heating, lighting, ventilation and sanitation, and that this must first be determined adversely by an inspector of the Director of Industrial Relations under §7730-1 GC. The finding of said inspector that the building is not sanitary and properly heated, ventilated and lighted does not prevent the Board from passing upon the same question. It is claimed in the brief that the Supreme Court recently overruled a motion to certify the record in a case decided by the Co-

lumbiana Court of Appeals—Blake v Croxell; that in this case the Court of Appeals had granted a writ of mandamus upon the ground that the Board of Education attempted arbitrary action. We are of the view that there is a difference between that case and the case at bar. The foundation of the decision is that there is arbitrary action of the Board of Education. This we do not find in the present case.

The relators are citizens of the original Jefferson District. We are not surprised that they should take exceptions to the suspension of schools in that original district. It is only natural that they should differ from the Board of Education of the Canal Winchester District and insist upon their school being provided for at Jefferson under the supervision of a teacher appointed by the Board of Education. Still we cannot agree with them upon the legal propositions of this case, or that the Board of Education of the Canal Winchester School District does not have discretion as to whether schools at Jefferson may not be abandoned. The school board having exercised their jurisdiction and the action being taken without fraud or other unwarranted abuse, we are of opinion that the judgment of the Court of Common Pleas must be affirmed.

HORNBECK and HUNKLE, JJ, concur.